Murray Wayne McLENDON, Respondent v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.

(443 S.E. (2d) 539)

Supreme Court

April 6, 1994.

## ORDER

Appellant moved to dismiss this action alleging it was barred by the statute of limitations. The trial judge denied the motion and this appeal follows.

Respondent now moves to dismiss this appeal asserting the order denying the motion to dismiss is not immediately appealable. Appellant argues the order is immediately appealable because the running of the statute of limitations deprives the circuit court of subject matter jurisdiction.

"Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.' [citation omitted]." *Dove v. Gold Kist,* — S.C. —, 442 S.E. (2d) 598 (S.C. Sup. Ct. 1994). While a question of subject matter cannot be waived, *Ex parte Reichlyn,* — S.C. —, 427 S.E. (2d) 661 (1993), a statute of limi-

tations defense can be waived. *Mende v. Conway Hospital,* 304 S.C. 313, 404 S.E. (2d) 33 (1991). Therefore, appellant's assertion that its motion presenting a statute of limitations defense raises a question of subject matter jurisdiction is without merit.

Instead, the motion to dismiss has the effect of asserting that respondent has failed to state a cause of action.[1] The denial of such a motion is not immediately appealable under S.C. Code Ann. § 14-3-330 (1976 & Supp. 1993).[2] *Moyd v. Johnson,* 289 S.C. 482, 347 S.E. (2d) 97 (1986). Accordingly, this appeal is dismissed without prejudice. Costs under Rule 222, SCACR, shall not be awarded to either party.

It is so ordered.

HARWELL, C.J., not participating.

---

[1] We express no opinion on whether it is appropriate to raise a statute of limitations defense by a motion to dismiss. *See Glenn v. School District No. 5,* 294 S.C. 530, 366 S.E. (2d) 47 (Ct. App. 1988); Rule 8(c) and 12(b), SCRCP; 5 Wright & Miller, *Federal Practice and Procedure: Civil (2d)* § 1277 (1990).

[2] In *Ballenger v. Bowen,* — S.C. —, 443 S.E. (2d) 379, we explained why the denial of a motion for summary judgment is not directly appealable. Like the denial of a motion for summary judgment, the denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings. 21 C.J.S. *Courts,* 149, p. 183 (1990). Therefore, the denial of a motion to dismiss is not directly appealable for the same reasons given in *Ballenger.*