■ In the Matter of the Claim of AMY S. ROSE, Respondent, v INTERNATIONAL PAPER COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [735 NYS2d 672] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed January 31, 2000, which, inter alia, refused to review a determination denying the workers' compensation carrier's request for an adjournment.

When lay witnesses and two doctors scheduled to testify for the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) failed to appear at a scheduled workers' compensation hearing in March 1999, the Workers' Compensation Law Judge (hereinafter WCLJ) denied the employer's request for an adjournment, established the claim and made awards. In its application for Board review, the employer argued, inter alia, that the WCLJ erred in refus-

ing to adjourn the hearing to allow for the testimony of the scheduled witnesses. The Board held that "the denial of adjournments cannot be grounds for an Application for Board Review under [12 NYCRR 300.10 (b)] absent extraordinary circumstances," refused to "address the substance of the carrier's objections that pertain[ed] to such adjournments" and affirmed the WCLJ's findings, awards and decision. The employer now appeals, contending that the Board should have addressed the WCLJ's refusal to adjourn the hearing, the WCLJ erred in refusing to adjourn the hearing, the Board did not explain its departure from its established precedent of granting adjournments in such cases, the medical evidence raised the possibility that claimant had a neurological disorder precluding the establishment of her case, and the evidence did not support the WCLJ's award at the total rate.

The employer's arguments distill to the main contention that the WCLJ erred when he refused to adjourn the March 1999 hearing to take the testimony of the scheduled witnesses. With respect to the lay witnesses testimony, 12 NYCRR 300.10 (b) provides as follows: "If the employer or its carrier, or a special fund created under the Workers' Compensation Law, fails to present evidence including the testimony of witnesses as directed or scheduled by the board or chair, the referee, upon request of such party, may adjourn the hearing and reschedule the case. If the employer or its carrier or a special fund again fails to present or submit evidence at the second hearing, the referee shall proceed to make a decision unless he or she finds upon extraordinary circumstances shown at such hearing that a further adjournment is warranted. The denial of adjournments under this rule shall not be grounds for application for review to the board." The employer initially argues that this rule, which does not permit Board review of a WCLJ's refusal to grant an adjournment, impermissibly prevents the employer from exercising its right to appeal provided by Workers' Compensation Law § 23, thereby rendering the rule arbitrary, capricious and contrary to the statute. We disagree. "If a regulation is to be nullified, the challenger must establish that 'it is so lacking in reason for its promulgation that it is essentially arbitrary' " (*Kuppersmith v Dowling*, 93 NY2d 90, 96, quoting *Matter of Marburg v Cole*, 286 NY 202, 212). The obvious purpose of the instant regulation is to eliminate unnecessary adjournments and speed resolution of compensation claims, which we find to be reasonable and rational (*see, New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 166), and supported by related statutory predicate (*see, e.g.,* Workers' Compensation Law §§ 20, 25).

The challenged regulation does, in any event, give the WCLJ the discretion to grant an adjournment. Here, the WCLJ's denial of the employer's request for an adjournment was not an abuse of that discretion as the employer waited until just eight days before the hearing to notify claimant that the lay witnesses would be unavailable to testify. Moreover, these witnesses were the employer's own employees and it was aware of their work schedules in advance and could have made arrangements to secure their testimony at the scheduled hearing. Accordingly, we find the employer's failure to obtain the desired testimony results from its "own lack of preparedness" justifying the WCLJ's refusal to grant an adjournment (*Matter of Roselli v Middletown School Dist.*, 144 AD2d 223, 225; *see*, *Matter of Doerle v JC Penney Co.*, 262 AD2d 882).

With respect to the WCLJ's refusal to grant the employer an adjournment to produce claimant's attending physician for cross-examination, the employer claims that he was entitled to such an adjournment under 12 NYCRR 300.10 (c), which provides as follows: "When the employer or its carrier or special fund desires to produce for cross-examination an attending physician whose report is on file, the referee shall grant an adjournment for such purpose. If the physician is not produced at such adjourned hearing, a further adjournment shall be granted only when the referee finds there is sufficient excuse for the physician's nonappearance, which excuse shall be noted on the record and conditioned upon the resort by the employer or its carrier, or special fund to a subpoena for the next hearing. If such adjournment is granted and the physician does not appear, unless extraordinary circumstances are shown, the referee shall proceed to determine the claim upon the evidence in the record. The obligation to invoke court action for the enforcement of the subpoena shall be that of the employer or its carrier or special fund." We do not read 12 NYCRR 300.10 (c) as requiring the WCLJ to grant the employer an adjournment under the facts presented in this record. The employer appears to have requested claimant's attending physician be produced for cross-examination at a January 1999 hearing.[1] An adjournment was granted and the doctor's testimony was scheduled for March 1999. The physician was not produced at the March 1999 hearing which, under the regulation, left the employer with the right to a further adjournment "only when the referee finds there is sufficient excuse for the physician's nonappearance" (12 NYCRR 300.10 [c]). Apparently, the WCLJ did not consider the February 17,

---

1. The transcript of this hearing is not part of the record on appeal.

1999 letter of claimant's attending physician informing the Board and the parties that he would be "unable to make the workers' compensation hearing on March 12, 1999," a sufficient excuse for the doctor's nonappearance. In light of the employer's failure to immediately seek to reschedule the doctor's appearance or serve him with a subpoena to compel his appearance (*see,* Workers' Compensation Law § 119), we find that the WCLJ was also justified in denying this request for an adjournment (*see, Matter of Roselli v Middletown School Dist.,* 144 AD2d 223, 225, *supra*).

The last three of the employer's contentions need little discussion. The employer did not refer to any unexplained contrary precedent in its administrative appeal, so we may not now consider that argument (*see, Matter of Gardner v Structure Tone of NY,* 272 AD2d 794, 795). Nevertheless, the case cited[2] by the employer in support of this position involved a request for an adjournment by a claimant, not an employer or its carrier, and has no precedential value to the facts in this record. Next, we reject the employer's argument that the WCLJ put the "cart before the horse" by establishing the claim and making awards but continuing the case without prejudice to apportionment. Finally, the medical reports contained in the record provided substantial evidence for the WCLJ's award at the total rate.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, with costs.

---

2. (*Matter of Initial Cleaning,* 1999 WL 634871, 1999 NYWCLR [LRP] LEXIS 155 [Workers' Compensation Bd., June 21, 1999].)