624 S.E.2d 439

**John E. COOKE and Barbara Cooke, Respondents,**

v.

**PALMETTO HEALTH ALLIANCE d/b/a Palmetto Richland Memorial Hospital, and Latisha C. Corley, Appellants.**

No. 4054.

Court of Appeals of South Carolina.

Heard Oct. 11, 2005.

Decided Dec. 12, 2005.

Rehearing Denied Jan. 19, 2006.

168

170

Charles E. Carpenter, Jr., George C. Beighley, S. Elizabeth Brosnan and Drew Hamilton Butler, all of Columbia, for Appellants.

John S. Nichols and Robert B. Ransom, both of Columbia, for Respondents.

HEARN, C.J.:

This is an appeal from the order of the circuit court, finding John E. Cooke was not a statutory employee of Palmetto Health Alliance (the Hospital) when he was injured. Because of this ruling, the circuit court found Cooke's negligence action and his wife's loss of consortium action were not barred by the exclusive remedy provision of the Workers' Compensation Act. We affirm.

## FACTS

Cooke was employed as a pilot for Petroleum Helicopter, Inc., which contracted with the Hospital to transport critically

injured patients to the emergency room. On December 13,· 1999, Cooke tripped and fell over a metal rod that Latisha Corley, an employee of the Hospital, allegedly used to prop open a door at the Hospital. Because Cooke's injury occurred while in the course of his employment with Petroleum Helicopter, Cooke filed for and received workers' compensation benefits.

In addition to his workers' compensation claim, Cooke and his wife, Barbara, filed a complaint against the Hospital, alleging negligence and loss of consortium. After the court ruled that the Hospital could not be sued for punitive damages because of its status as a charitable organization, the Cookes amended their complaint to add Latisha Corley individually, alleging her method of propping open the door amounted to gross negligence.

In their answer, the Hospital and Corley (collectively Appellants) asserted, among other things, that Cooke was either the Hospital's statutory employee or borrowed servant at the time of the accident, and therefore, the exclusive remedy provision of the Workers' Compensation Act served as a complete bar to the Cookes' tort action.[1] After filing their answer, Appellants notified the Cookes of their intent to seek summary judgment. However, before the summary judgment motion was heard, Appellants, with the consent of the Cookes, made a motion for a hearing on the merits to determine whether "the exclusive jurisdiction and exclusive remedy" was with the workers' compensation commission or with the circuit court.

At the hearing, the circuit court judge characterized the action before her as a "motion hearing" on "jurisdictional issues." The Appellants' attorney did not agree with the judge's characterization and said: "Your honor, this [is] not a motion. It was originally a motion for summary judgment. We're here today on the merits of whether ... Mr. Cooke qualifies as a statutory employee of the hospital; and, therefore, barred under workmen's (sic) compensation." The attorney for the Cookes added: "We're here today to decide the merits of that. It's a question of law anyway, so it would be

---

1. Section 42–1–540 of the South Carolina Code (1985) provides that workers' compensation is the exclusive remedy against an employer for an employee's work related accident.

for your decision. But we decided to tee this issue up before we go further with the case, since this issue may decide the— will obviously decide the future course of the case." After hearing those explanations, the circuit court judge stated: "Well, that's why it seems to come up as a motion to dismiss the case . . . I didn't consider it to be a hearing on the merits where there would be testimony from an individual who would provide information about who his employer was and the contract, and all that information."

The hearing then proceeded, and although there were no live witnesses, both parties submitted deposition testimony in support of their respective positions. The Appellants argued that Cooke was a statutory employee because helicopter transport allows paramedics to reach critically injured patients more quickly than other forms of transportation, and therefore, helicopter service is essential to the Hospital's business of saving lives. The Appellants further argued that Cooke was a borrowed servant of the Hospital because there was a contract for hire, the work Cooke performed benefited the Hospital, and the Hospital had control over Cooke. To illustrate that control, the Appellants' attorney pointed out that Cooke had a uniform and identification tag issued by the Hospital, and the Hospital told Cooke where to pick up and deliver patients.

The Cookes' attorney argued Cooke was not a statutory employee because the Hospital was not in the business of transporting patients, the helicopter service was only a minuscule part of the overall business of the Hospital, and the Hospital and Petroleum Helicopter entered a contract in which they agreed that pilots were not employees of the Hospital. In regards to the Hospital's borrowed servant argument, the Cookes' attorney pointed out that the Hospital does not decide "if or when the helicopters ever fly," nor does the Hospital have any say in who Petroleum Helicopters hires as pilots.

After hearing arguments, the circuit court judge issued a written order, finding Cooke was not a statutory employee or borrowed servant of the Hospital. In her order, the judge characterized the action as "a motion to dismiss for lack of subject matter jurisdiction," and the last sentence of her order

denied "Defendant's Motion to Dismiss." This appeal followed.

## STANDARD OF REVIEW

 "The determination of whether a worker is a statutory employee is jurisdictional and therefore the question on appeal is one of law." *Harrell v. Pineland Plantation, Ltd.,* 337 S.C. 313, 320, 523 S.E.2d 766, 769 (1999) (citing *Glass v. Dow Chemical Co.,* 325 S.C. 198, 482 S.E.2d 49 (1997)). Thus, the appellate court reviews the entire record and decides the jurisdictional facts in accord with the preponderance of the evidence. *Id.*

## LAW/ANALYSIS

The Appellants argue the circuit court erred by failing to find Cooke was either a statutory employee or borrowed servant of the Hospital. The Cookes argue, initially, that the order of the circuit court is not immediately appealable. Thus, before delving into the merits of the Appellants' arguments, we first address the threshold issue of appealability.

### I. Appealability

 An order denying a motion to dismiss for lack of subject matter jurisdiction is not immediately appealable. *Deskins v. Boltin,* 319 S.C. 356, 461 S.E.2d 395 (1995); *Woodard v. Westvaco Corp.,* 319 S.C. 240, 460 S.E.2d 392 (1995), *overruled on other grounds by Sabb v. S.C. State Univ.,* 350 S.C. 416, 567 S.E.2d 231 (2002). However, the issue before the circuit court was not brought via a motion to dismiss; rather, both parties consented to have a non-jury hearing on the merits of the Hospital's exclusivity defense. Furthermore, pursuant to *Sabb v. South Carolina State University,* the exclusivity provision of the Workers' Compensation Act does not involve subject matter jurisdiction. 350 S.C. at 423, 567 S.E.2d at 234.

Here, the circuit court held a hearing to determine the merits of the Hospital's exclusivity defense. The circuit court rejected this defense, but the merits of the Cookes' action has yet to be determined. Thus, the circuit court's order is interlocutory.

■ For an interlocutory order to be appealable, the order must "involve the merits." S.C.Code Ann. § 14–3–330 (1985). To involve the merits, an order " 'must finally determine some substantial matter forming the whole or a part of some cause of action or defense. . . .' " *Mid–State Distributors, Inc. v. Century Importers, Inc.,* 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993) (quoting *Jefferson v. Gene's Used Cars, Inc.,* 295 S.C. 317, 318, 368 S.E.2d 456, 456 (1988)). Here, the circuit court weighed the evidence and concluded that the exclusivity provision did not apply because Cooke was neither a statutory employee nor a borrowed servant of the Hospital. In so holding, the circuit court "finally determined a substantial matter forming a part of the Hospital's defense," and thus, the order is appealable.

## II. Statutory Employee

■ On the merits, the Appellants first argue the trial court erred in failing to find Cooke was a statutory employee of the Hospital. We disagree.

■ To qualify as a statutory employee under the Workers' Compensation Act, an individual must be engaged in an activity that "is a part of [the employer's] trade, business or occupation." S.C.Code Ann. § 42–1–400 (1985). A particular activity is part of the putative employer's "trade, business or occupation" if it "(1) is an important part of the [employer's] business or trade; (2) is a necessary, essential, and integral part of the [employer's] business; or (3) has previously been performed by the [employer's] employees." *Olmstead v. Shakespeare,* 354 S.C. 421, 424, 581 S.E.2d 483, 485 (2003).

We agree with the circuit court's determination that none of these criteria is met. First, as is apparent from its articles of incorporation, the Hospital is in the business of providing health care, not transportation.[2] While air transportation of patients helps facilitate the Hospital's treatment of critically injured patients, that alone does not make transportation an important or essential part of the Hospital's general business. *See Abbott v. The Limited,* 338 S.C. 161, 163–64, 526 S.E.2d

---

2. According to the Hospital's articles of incorporation, its corporate purpose is to "provid[e] hospital facilities and health care services for inpatient medical care of the sick and injured."

513, 514 (2000) (holding that a truck driver who delivered goods to a clothing store was not a statutory employee of the store because, even though it was important for the store to receive those goods, the store was in the business of retail sales not transportation). Second, helicopter service is not "necessary, essential, or integral" to the Hospital's operation because less than one percent of the Hospital's patients use the service and the Hospital's emergency room services do not cease when the helicopter cannot fly. Finally, the Hospital did not have an FAA certificate and has never directly employed helicopter pilots. Thus, the preponderance of the evidence supports the circuit court's determination that Cooke was not a statutory employee of the Hospital.

## II. Borrowed Servant

■ The Hospital next argues the circuit court erred in failing to find Cooke was a borrowed servant. We disagree.

■ Under the borrowed servant doctrine, when a general employer lends an employee to a special employer, that special employer is liable for workers' compensation if: (1) there is a contract of hire between the employee and the special employer; (2) the work being done by the employee is essentially that of the special employer; and (3) the special employer has the right to control the details of the employee's work. *Eaddy v. A.J. Metler Hauling & Rigging Co.*, 284 S.C. 270, 272, 325 S.E.2d 581, 582–83 (Ct.App.1985). While the circuit court found that the first two prongs of the borrowed servant doctrine were met, it found the Hospital did not control the details of Cooke's work, and therefore, the third prong was not satisfied.

■ When determining whether a special employer has the right to control the details of an employee's work, courts consider the following four factors: "(1) direct evidence of the right to, or exercise of, control; (2) method of payment; (3) furnishings of equipment; and (4) right to fire." *Chavis v. Watkins*, 256 S.C. 30, 33, 180 S.E.2d 648, 649 (1971). Although the hospital provided Cooke with a helicopter, Cooke was paid by Petroleum Helicopters, which was also charged with hiring (and presumably firing) its pilots. Furthermore, pursuant to the contract between the Hospital and Petroleum

Helicopters, "the methods and details" of each flight were not left up to the Hospital. Thus, we agree with the circuit court's determination that Cooke was not the Hospital's borrowed servant.

## CONCLUSION

Based on the foregoing, we find Cooke is neither a statutory employee nor a borrowed servant of the Hospital. Accordingly, the circuit court's order resolving the merits of the Hospital's exclusivity defense is

**AFFIRMED.**

STILWELL and KITTREDGE, JJ., concur.