THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Peter G. Oliver, Respondent,
 
 
 

v.

 
 
 
 AT&T Nassau Metals, Appellant.
 
 
 

Appeal From Richland County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2006-UP-073
Submitted January 1, 2006  Filed February 2, 2006

DISMISSED

 
 
 
 Grady L. Beard and Michael W. Burkett, both of Columbia, for Appellant.  
 Preston F. McDaniel, of Columbia, for Respondent.
 
 
 

PER CURIAM:  AT&T Nassau Metals appeals an order of the circuit court that dismissed AT&Ts motion to dismiss.  We dismiss AT&Ts appeal.[1]
FACTS
Peter G. Oliver filed an action seeking workers compensation benefits.  The single commissioner found Oliver totally and permanently disabled.  AT&T appealed to the full commission.  The commission reversed the single commissioners order and remanded for a de novo hearing.  Oliver appealed to the circuit court.  AT&T moved to dismiss Olivers appeal as interlocutory and not immediately appealable.  The circuit court denied AT&Ts motion to dismiss.  AT&T appeals.
LAW/ANALYSIS
AT&T argues the circuit court erred in denying its motion to dismiss Olivers appeal.  We dismiss AT&Ts appeal.
Section 14-3-330 of the South Carolina Code limits this courts ability to hear appeals.  Only final judgments and certain interlocutory orders are appealable.  S.C. Code Ann. § 14-3-330 (1976 & Supp. 2005).  An interlocutory order is not immediately appealable unless it involves the merits of the case or affects a substantial right.  Id.  The denial of a motion to dismiss is not immediately appealable.  McLendon v. South Carolina Dept of Highways & Pub. Transp., 313 S.C. 525, 526, 443 S.E.2d 539, 540 (1994).  
The order on appeal in this case involves the denial of a motion to dismiss and does not involve the merits or affect a substantial right.  Accordingly, the appeal is
DISMISSED.  
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.