# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36642

| | | |
|---|---|---|
| In the Matter of the License of: Timothy Williams, License No. CGA-193. | ) ) ) | Boise, August 2010 Term |
| TIMOTHY WILLIAMS, | ) ) | 2010 Opinion No. 97 |
| Petitioner-Appellant, | ) ) | Filed: September 7, 2010 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, BOARD OF REAL ESTATE APPRAISERS, a department within the State of Idaho, | ) ) ) ) ) | |
| Respondent. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. D. Duff McKee, District Judge.

The judgment of the district court is vacated.

Trout Jones Gledhill Fuhrman, P.A., Boise, for appellant. Kimbell D. Gourley argued.

Naylor & Hales, P.C., for respondent. James R. Stoll argued.

_____

EISMANN, Chief Justice.

This is an appeal from the district court's decision on a petition for judicial review affirming an administrative order denying appellant's motion to dismiss the administrative proceedings instituted against him. Because there is no final order in the administrative proceedings, we vacate the decision of the district court and dismiss this appeal.

## I. FACTS AND PROCEDURAL HISTORY

In 1990, the legislature enacted the Idaho Real Estate Appraisers Act, Idaho Code §§ 54-4101 to 54-4119. When doing so, it created the Real Estate Appraiser Board (Board) to administer the Act's provisions. Idaho Code § 54-4106(1). The Act empowered the Board to

investigate the actions of any state certified real estate appraiser and to suspend or revoke the appraiser's certification for specified reasons. Idaho Code § 54-4107(1). The Act also granted the Board the power to "authorize, by written agreement, the bureau of occupational licenses to act as its agent in its interest." Idaho Code § 54-4106(2)(a). Pursuant to that authority, on October 18, 2004, the Board entered into a written agreement with the Bureau of Occupational Licenses (Bureau). That agreement included a provision stating that the Bureau "shall conduct investigations of complaints within the Board's authority."

On January 20, 2005, the Bureau received a letter alleging misconduct by Timothy Williams, a licensed real estate appraiser. The Bureau conducted an investigation and then filed a complaint with the Board alleging nine counts of wrongful conduct by Williams. Williams moved to dismiss those allegations in the complaint that arose from the investigation prompted by the letter. The motion did not specify which allegations should be dismissed, but during oral argument on appeal Williams's counsel stated it would be seven of the nine counts. At the time the investigation was commenced, the Act provided that the Board "shall upon a written sworn complaint or may upon its own motion investigate the actions of any state certified real estate appraiser." Ch. 82, § 1, 1990 Idaho Sess. Laws 164, 168 (current version at Idaho Code § 54-4107(1)).[1] Williams contended that any counts based upon an investigation that was not prompted by either a sworn complaint or a formal motion and vote by the Board must be dismissed. The Board's hearing officer recommended that the motion to dismiss be denied. The Board issued an order adopting that recommendation and stating that it was a final order.

On November 21, 2008, Williams filed a petition for judicial review asking the district court to dismiss with prejudice all claims alleged against him by the Board on the ground that the investigation into his alleged misconduct had not been initiated according to law. The district court held that the Board had properly delegated to the Bureau the discretion to initiate investigations. It affirmed the denial of Williams's motion to dismiss, and he then timely appealed to this Court.

---

[1] The statute was amended in 2008 to provide, "The board may refuse to issue, refuse to renew or may suspend, revoke or otherwise sanction any license or certificate issued under this chapter for any of the following: . . . ." Ch. 108, § 1, 2008 Idaho Sess. Laws 305, 306.

## II. ANALYSIS

The controlling issue on this appeal is whether the Board's order denying Williams's motion to dismiss is an appealable order. The Board has not moved to dismiss the appeal or otherwise raised the issue. "[S]ince the question is jurisdictional (in a procedural sense) it is one which we must act upon whenever and however it comes to our attention." *State ex rel. State Bd. of Medicine v. Smith*, 80 Idaho 267, 268, 328 P.2d 581, 581 (1958). This Court will, sua sponte, dismiss for lack of jurisdiction an appeal that is taken from a non-appealable order. *Highlands Dev. Corp. v. City of Boise*, 145 Idaho 958, 960, 188 P.3d 900, 902 (2008).

The Board is an "agency" under the Idaho Administrative Procedure Act (IAPA). Idaho Code § 67-5201(2). Judicial review of agency action is governed by IAPA unless there is another provision of law applicable to the particular matter. Idaho Code § 67-5270(1). No one contends that there is some other provision of law granting the right to judicial review in this case.

Williams is seeking judicial review of the Board's order denying his motion to dismiss. That order stated, "This is the Final Order of the Board." It also stated, "Pursuant to Idaho Code Sections 67-5270 and 57-5272, any party aggrieved by this Final Order . . . may appeal this Final Order . . . to district court by filing a petition in the district court . . . ." An order is not a final order merely because the agency states that it is. *Erickson v. Idaho Bd. of Registration of Prof'l Eng'rs and Prof'l Land Surveyors*, 146 Idaho 852, 854, 203 P.3d 1251, 1253 (2009). "The real character of a written instrument is to be judged by its contents and substance, not by its title." *Swinehart v. Turner,* 36 Idaho 450, 452, 211 P. 558, 559 (1922). Idaho Code § 67-5270(1) provides, "Judicial review of agency action *shall be governed* by the provisions of this chapter . . . ." (Emphasis added.) Thus, regardless of whether the agency states that a particular order is subject to judicial review, it is reviewable by a district court under IAPA only if that Act so provides.

The Board stated that its order was appealable pursuant to "Idaho Code Sections 67-5270 and 57-5272." Because there is no section 57-5272 in the Idaho Code, it undoubtedly intended section 67-5272. That statute governs the venue of petitions for judicial review; it does not specify what agency actions are reviewable. Thus, the issue is whether Idaho Code § 67-5270 authorizes judicial review of the Board's order.

The proceedings against Williams were a "contested case" under IAPA. Idaho Code § 67-5240. Under Idaho Code § 67-5270(3), a party can obtain judicial review of "a final order in a contested case." An "order" is defined as "an agency action of particular applicability that determines the legal rights, duties, privileges, immunities, or other legal interests of one (1) or more specific persons." Idaho Code § 67-5201(12). Assuming that the order denying Williams's motion to dismiss would constitute an "order" under this definition, it was not a final order.

IAPA does not expressly define what constitutes a *final* order for the purposes of judicial review. However, Idaho Code § 67-5271 provides guidance. Subsection (1) states, "A person is not entitled to judicial review of an agency action[2] until that person has exhausted all administrative remedies required in this chapter." Under this subsection, a final order must be one that is not subject to further administrative review. Subsection (2) states, "A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency action would not provide an adequate remedy." This subsection distinguishes between a "preliminary, procedural, or intermediate agency action or ruling" and "final agency action." In this context, "intermediate" has the same meaning as "interlocutory." The definition of "interlocutory order" is "[a]n order that relates to some intermediate matter in the case; any order other than a final order." *Black's Law Dictionary* 1123 (7th ed. 1999). Likewise, in *Newell v. Newell*, 77 Idaho 355, 362, 293 P.2d 663, 667 (1956), we stated, "Interlocutory means provisional, only temporary, not final; not a final decision of the whole controversy; made or done during the progress of an action: intermediate order."

In *Evans State Bank v. Skeen*, 30 Idaho 703, 705, 167 P. 1165, 1166 (1917), we explained the difference between a final judgment and an interlocutory or intermediate order as follows:

> A final judgment has been defined to be one which disposes of the subject-matter of the controversy or determines the litigation between the parties on its merits. A judgment, order, or decree which is intermediate or incomplete and, while it settles some of the rights of the parties, leaves something remaining to be done in the adjudication of their substantial rights in the case by the court entertaining jurisdiction of the same, is interlocutory.

---

[2] "Agency action" includes an order. Idaho Code § 67-5201(3)(a).

4

We have held, "As a general rule, a final judgment is an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties." *Camp v. East Fork Ditch Co., Ltd*., 137 Idaho 850, 867, 55 P.3d 304, 321 (2002). The same requirement applies to a final order under Idaho Code § 67-5270(3). A final order would be one that resolves all issues, or the last unresolved issue, presented in the contested case so that it constitutes a final determination of the rights of the parties. If issues necessary for a final determination of the parties' rights remain unresolved, there is no final order. *Matter of Nagle*, 126 Idaho 139, 140, 879 P.2d 602, 603 (1994).

An order simply denying a motion to dismiss is not a final order. *Systems Assocs., Inc. v. Motorola Communications and Electronics, Inc.*, 116 Idaho 615, 617, 778 P.2d 737, 739 (1989). The order denying Williams's motion to dismiss was not a final order because it did not determine or dismiss the issues of misconduct alleged in the complaint. *Jensen v. Pillsbury Co.*, 121 Idaho 127, 823 P.2d 161 (1992). In fact, it did not determine any of those issues. *See Thornton v. Hickox*, 126 Idaho 474, 475, 886 P.2d 779, 780 (1994) ("[T]he denial of the motion to dismiss did not dispose of any claim."). The order would only be reviewable in connection with a petition for judicial review of the final order ultimately entered.[3] *Blaha v. Eagle City Council*, 134 Idaho 768, 770, 9 P.3d 1234, 1236 (2000).

There is a reason why a petition for judicial review cannot be granted with respect to any intermediate order that the agency decides to label as final. Over 100 years ago, we explained the adverse consequence of the view that all interlocutory orders of the district court should be immediately appealable to this Court. "If that view prevailed, there would be no such thing as reaching a final judgment in a trial court in a contested case in any reasonable length of time." *Utah Ass'n of Credit Men v. Budge*, 16 Idaho 751, 757-58, 102 P. 390, 392 (1909). That reasoning also applies to orders issued in contested administrative proceedings. The Board issued its order November 6, 2008. Had it not attempted to make that order a final order so that Williams would be required to appeal if he wanted to preserve the issue, this matter would probably already be resolved. The Board's action has simply delayed the resolution of the allegations against Williams.

---

[3] There is no indication that review of the final order ultimately entered would not provide Williams with an adequate remedy. Idaho Code § 67-5271(2).

5

Because the district court did not have jurisdiction to hear the petition for judicial review, we vacate its decision. We likewise do not have jurisdiction to decide the issues raised and must dismiss this appeal. We therefore do not address any of the issues raised by the parties on appeal.

## III.  CONCLUSION

We vacate the decision of the district court and dismiss this appeal. We remand this case to the district court with instructions to dismiss the petition for judicial review without prejudice. We do not award costs or attorney fees on appeal.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.