■ In the Matter of the Claim of Chelsy Garti, Respondent, v The Salvation Army et al., Appellants. Workers' Compensation Board, Respondent. [914 NYS2d 799]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed April 29, 2009, which, among other things, refused to review a determination of the Workers' Compensation Law Judge that claimant had submitted prima facie medical evidence.

Claimant alleged that she sustained a work-related injury while moving a couch. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted the claim and, as such, the case was scheduled for a prehearing conference. At the conference, a Workers' Compensation Law Judge found that claimant had submitted prima facie medical evidence of an injury and set the claim down for a hearing to determine, among other things, the question of causal relationship (*see* 12 NYCRR 300.38 [g] [3]). The employer sought review from the Workers' Compensation Board, arguing that claimant had not submitted prima facie medical evidence. The Board refused to consider the employer's application, pointing out that a finding of prima facie medical evidence after a prehearing conference "is an evidentiary determination that the case may proceed and is interlocutory and is not reviewable by the Board" (12 NYCRR 300.38 [g] [3] [i]).* The Board further found that the application for review was frivolous and had been brought for the purpose of delay, and imposed a penalty upon the carrier.

The employer now appeals, arguing that 12 NYCRR 300.38 (g) (3) (i) prevents it from exercising its right to appeal to the Board as provided by Workers' Compensation Law § 23 and that it was improperly penalized for its decision to appeal. Claimant

* By coincidence, the Workers' Compensation Law Judge issued a decision disallowing the claim on the same day, finding that claimant had not established that her injury was work related.

responds that the present appeal to this Court was taken from an interlocutory decision and must be dismissed, and we agree. The Board previously deemed a determination as to the absence of prima facie medical evidence a final one (*see Employer: Long Is. Frozen*, 2008 WL 4180772, *1 [WCB No. 2070 6664, Aug. 29, 2008]). Prima facie medical evidence was thereafter defined to mean any "medical report referencing an injury," however, and the Board jettisoned the requirement that such evidence draw a causal link between the injury and the claimant's employment and adopted 12 NYCRR 300.38 (g) to cast the issue as an interlocutory one (Workers' Compensation Law § 25 [2-a] [a]; *see* 12 NYCRR 300.1 [a] [9]; *Employer: Verizon N.Y. Inc.*, 2010 WL 3630022, *2, 2010 NY Wrk Comp LEXIS 7859, *5 [WCB No. 0073 7324, Sept. 17, 2010]). A regulation will be upheld if it "has a rational basis and is not unreasonable, arbitrary, capricious or contrary to the statute under which it was promulgated," and the employer fails to meet its burden of showing the absence of any reason for the promulgation of 12 NYCRR 300.38 (g) (*Kuppersmith v Dowling*, 93 NY2d 90, 96 [1999]; *see Matter of Rose v International Paper Co.*, 290 AD2d 664, 665 [2002]). As the Board pointed out in its decision, 12 NYCRR 300.38 (g) does not prevent review of the prima facie medical evidence issue, but only requires that it be addressed after the claim is finally determined. Instead, the regulation is reasonably designed to "speed resolution of compensation claims," a purpose supported by applicable statutory authority (*Matter of Rose v International Paper Co.*, 290 AD2d at 665; *see* Workers' Compensation Law § 25 [2-a]). While "the question of appealability of a [B]oard decision is ultimately one for this [C]ourt to pass upon" (*Matter of Harris v Carborundum Co.*, 72 AD2d 869, 869 [1979]), the changes to the Workers' Compensation Law and the Board's regulatory scheme persuade us that the appealed-from decision "neither resolved all substantial issues in the claim nor reached a threshold legal issue" (*Matter of Reese v Advanced Empl. Concepts*, 15 AD3d 760, 761 [2005]; *see Matter of Carlineo v Snelling & Snelling, LLC*, 73 AD3d 1247, 1248 [2010]). Thus, the challenge to the penalty is also premature.

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.