762 S.E.2d 44

**Kerry LEVI, Appellant,**

**v.**

**NORTHERN ANDERSON COUNTY EMS, and Berkshire Hathaway Homestate Insurance Company, Respondents.**

**Appellate Case No. 2012–212631.**

**No. 5243.**

Court of Appeals of South Carolina.

Heard May 6, 2014.

Decided June 30, 2014.

Rehearing Denied Aug. 25, 2014.

John S. Nichols and Blake Alexander Hewitt, both of Bluestein Nichols Thompson & Delgado, LLC, of Columbia; and Chadwick Dean Pye, of Chadwick D. Pye, LLC, of Spartanburg, for Appellant.

David Hill Keller, of Constangy Brooks & Smith, LLP, of Greenville, for Respondents.

KONDUROS, J.

In this workers' compensation case, Kerry Levi appeals the dismissal of her claim by the Appellate Panel of the Workers' Compensation Commission (Appellate Panel). She contends the single commissioner's denial of Northern Anderson County EMS (EMS) and its carrier's, Berkshire Hathaway Homestate Insurance Company, (collectively, Employer) motion to dismiss was not immediately appealable. Levi also argues the question of whether she settled her third-party claim is not ripe for review. We vacate the Appellate Panel's decision and remand to the Appellate Panel for it to dismiss the appeal.

**FACTS/PROCEDURAL HISTORY**

Levi worked as a paramedic for EMS. On March 10, 2011, she injured her back while moving a patient. Later that month, on March 29, she was riding in an ambulance as part of her employment when another driver (the third party) rear-ended the ambulance. Levi filed workers' compensation claims for both injuries, which Employer accepted. Levi began receiving temporary disability in May of 2011 and had back surgery in July of that year.

On September 14, 2011, Employer filed a motion to dismiss both claims. It asserted Levi had accepted a $550 check from the third party's insurance company three weeks after the car accident. It contended this was a settlement of her third-party claim.[1] It maintained because she had not

---

1. A letter from the third party's insurance company, dated April 10, 2011, stated: "I will be sending a check to you ... in the amount of $550.00 for full and final settlement o[f] your injury claim. Please understand that signing and cashing this check settles your claim from the above accident. Any medical expenses incurred by you from this loss will be presented to us from your Workman Compensation Adjuster." On September 9, 2011, Allstate sent a letter to Employer's attorney stating, "We have yet to receive any medical bills or reports with respect to the injury sustained by ... Levi." On December 29, 2011, the insurance company sent a letter to Levi's attorney, which stated: "This will confirm that Allstate paid and Ms. Levi cashed a settlement check for $550.00. This was for her pain an[d] suffering only with the understanding we would pay for the reasonable and related medical bills."

notified Employer or the Workers' Compensation Commission (the Commission) of the settlement as provided by section 42-1-560 of the South Carolina Code, she had elected her remedy. It asserted her right to recover workers' compensation benefits was therefore barred.[2]

Levi contended she had not settled her claim against the third party. She maintained the $550 payment was limited to compensation for her pain and suffering from the accident and she had not signed a document releasing anyone from liability. She contended she had informed Employer of the $550 payment and both the owner of EMS and the worker' compensation insurance adjuster had advised her to accept the money.

On January 20, 2012, the single commissioner denied the motion to dismiss. It found the $550 payment was for pain and suffering and ordered a hearing to determine if Levi had reached maximum medical improvement (MMI) or if she needed additional medical treatment.

Employer appealed to the Appellate Panel, which reversed the single commissioner and dismissed Levi's claims in an order dated July 2, 2012. The Appellate Panel found Levi had settled with the third party and had not notified Employer or the Commission. It determined that therefore Levi had elected her remedy. It found because Levi did not comply with the statute, she had deprived the Commission of jurisdiction of the claim. It also determined her injuries were solely due to the car accident. This appeal followed.[3]

## LAW/ANALYSIS

Levi argues this court should vacate the Appellate Panel's decision. She maintains the single commissioner's ruling was

---

**2.** "[T]he settlement of a third party claim without notice to the employer and carrier bars a workers' compensation action." *Kimmer v. Murata of Am., Inc.*, 372 S.C. 39, 52, 640 S.E.2d 507, 513–14 (Ct.App. 2006).

**3.** On March 5, 2013, after the filing of the Appellate Panel's order, Levi filed a lawsuit against the third party in the court of common pleas. That suit, *Levi v. Proell*, 2013–CP–23–01287, is pending in Greenville County court of common pleas. It is scheduled for a roster meeting on December 8, 2014. *See* http://www.greenvillecounty.org/scjd/ publicindex/CaseDetails.aspx?County=23 & CourtAgency=23002 & Casenum=2013CP2301287 & CaseType=V (last visited June 17, 2014).

not immediately appealable because it was not an award but instead a denial of a motion to dismiss. Although she did not raise this to the Appellate Panel, she contends appealability can be raised at any time. We agree.

■ "Only issues raised [to] and ruled on by the commission are cognizable on appeal." *Stone v. Roadway Express,* 367 S.C. 575, 582, 627 S.E.2d 695, 698 (2006). However, "[a]n appellate court may dismiss an appeal or error proceeding on its own motion where it appears from the record that the court is without jurisdiction or that the judgment sought to be reviewed is not final, among numerous other reasons, even though no objection is raised by the opposite party." *Berry v. Zahler,* 220 S.C. 86, 89, 66 S.E.2d 459, 460 (1951) (internal quotation marks omitted).

■ "An appellate court may determine the question of appealability of a decision from a lower court as a matter of law." *Ashenfelder v. City of Georgetown,* 389 S.C. 568, 571, 698 S.E.2d 856, 858 (Ct.App.2010) (citing S.C.Code Ann. § 14‑3‑330 (1976 & Supp.2009) (creating appellate jurisdiction in law cases); S.C.Code Ann. § 14‑8‑200(a) (Supp.2009) (setting forth the appellate jurisdiction of the court of appeals)). "Even if not raised by the parties, this court may address the issue of appealability *ex mero motu.*" *Id.; see also St. Francis Xavier Hosp. v. Ruscon/Abco,* 285 S.C. 584, 586, 330 S.E.2d 548, 549 (Ct.App.1985) (providing this court can raise the issue of appealability *ex mero motu* even when no party raises any question concerning the appealability of an order).

■ "The right to appeal is a jurisdictional matter and, even if the parties do not raise the issue of appealability, we must dismiss the appeal on our own motion if we conclude we do not have jurisdiction." *Dorothy J. Pierce Family Mineral Trust v. Jorgenson,* 816 N.W.2d 779, 781 (N.D.2012) (internal quotation marks omitted). "[W]hether a matter is appealable is a jurisdictional matter and may be raised by an appellate court even if not noted by the parties." *Barnes v. Barnes,* 181 Md.App. 390, 956 A.2d 770, 779 (2008) (internal quotation marks omitted). "Before an order can support an appeal, it must be a final judgment. The issue of whether a judgment is final is jurisdictional, which means that if the reviewing court determines that the judgment appealed from is not final, that

court is obligated to dismiss the appeal on its own motion." *Hardy v. State ex rel. Chambers*, 541 So.2d 566, 567 (Ala.Civ. App.1989) (citation omitted). "Matters of jurisdiction are of such importance that a court may consider them ex mero motu." *Trousdale v. Tubbs*, 929 So.2d 1020, 1022 (Ala.Civ. App.2005).

South Carolina, as well as other states, has made clear appellate jurisdiction can be raised by appellate courts even if none of the parties have raised it. Other states have found the concept to apply not just to supreme courts and courts of appeal but also when a district court is reviewing a real estate review board's decision. Because appealability can be raised at any point, we can consider whether Employer could immediately appeal to the Appellate Panel the denial of its motion to dismiss.

> If an application for review is made to the Commission within fourteen days from the date when notice of the *award* shall have been given, the Commission shall review the *award* and, if good grounds be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives and, if proper, amend the *award*.

S.C.Code Ann. § 42–17–50 (Supp.2013) (emphases added). "[T]he intention of the legislature was to provide for the disposition of a claim made to the ... Commission by the orderly process of a hearing before a single commissioner ... [and] a review, by the [Appellate Panel], of the single commissioner's *award....*" *Janhrette v. Union Camp Paper Corp.*, 293 S.C. 59, 60, 358 S.E.2d 704, 705 (1987) (emphasis added) (internal quotation marks omitted).

> The commission or any of its members shall hear the parties at issue and their representatives and witnesses and shall determine the dispute in a summary manner. The *award*, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue, must be filed with the record of the proceedings and a copy of the award must immediately be sent to the parties in dispute.

S.C.Code Ann. § 42–17–40(A) (Supp.2013) (emphasis added).

The Code does not define award. However, *Black's Law Dictionary* defines it as "[a] final judgment or decision." *Black's Law Dictionary* 164 (10th ed.2014).

 The applicable regulation provides: "Either party or both may request Commission review of the Hearing Commissioner's *decision* by filing the original and three copies of a Form 30, Request for Commission Review, with the Commission's Judicial Department within fourteen days of the day the Commissioner's order is received." S.C.Code Ann. Regs. 67–701(A) (2012) (emphasis added). "Regulations authorized by the legislature have the force of law." *Goodman v. City of Columbia,* 318 S.C. 488, 490, 458 S.E.2d 531, 532 (1995). However, a regulation "may not alter or add to a statute." *Id.*

> Under section 1–23–380(A) of the [Administrative Procedures Act (APA) ], [a] party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review. An agency decision which does not decide the merits of a contested case is not a final agency decision subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

*Bone v. U.S. Food Serv.,* 404 S.C. 67, 73–74, 744 S.E.2d 552, 556 (2013) (second alteration by court) (ellipses, footnote, citations, and internal quotation marks omitted).

> Section 1–23–390 of the APA, governing further appellate review, provides: "An aggrieved party may obtain a review of a *final judgment* of the circuit court or the court of appeals pursuant to this article by taking an appeal in the manner provided by the South Carolina Appellate Court Rules as in other civil cases."

*Id.* at 74, 744 S.E.2d at 556. "[T]he meaning of a 'final judgment' as used in section 1–23–390 is not defined by using the exceptions that are present in the general appealability statute, whether or not the statute is specifically referenced." *Id.* at 76, 744 S.E.2d at 557. "[T]he general appealability statute allowing appeals from decisions 'involving the merits' has no place in the APA, which established a different appellate scheme." *Id.* at 77, 744 S.E.2d at 558.

 Courts "cannot review a decision that has not been made." *Lee v. Bondex, Inc.,* 406 S.C. 97, 103, 749 S.E.2d 155, 158 (Ct.App.2013).

> Like the denial of a motion for summary judgment, the denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings. Therefore, the denial of a motion to dismiss is not directly appealable....

*McLendon v. S.C. Dep't of Highways & Pub. Transp.*, 313 S.C. 525, 526 n. 2, 443 S.E.2d 539, 540 n. 2 (1994) (citation omitted). The denial of a motion to dismiss (1) under Rule 12(b)(6), SCRCP, (2) based on statute of limitations, or (3) for lack of subject matter jurisdiction, as well an order denying a motion to change venue are all not immediately appealable. *Burkey v. Noce*, 398 S.C. 35, 37, 726 S.E.2d 229, 230 (Ct.App.2012). In *Cooke v. Palmetto Health Alliance*, 367 S.C. 167, 173, 624 S.E.2d 439, 442 (Ct.App.2005), "the circuit court held a hearing to determine the merits of the Hospital's exclusivity defense. The circuit court rejected this defense, but the merits of the Cookes' action ha[d] yet to be determined." This court accordingly found the circuit court's order interlocutory. *Id.*

In *Allison v. W.L. Gore & Associates*, an employee appealed the single commissioner's order to the Appellate Panel two days after the fourteen-day deadline for filing an appeal. 394 S.C. 185, 187, 714 S.E.2d 547, 549 (2011). The employer moved to dismiss the appeal, arguing it was untimely and thus the Appellate Panel lacked subject matter jurisdiction. *Id.* The Appellate Panel denied the motion to dismiss and upheld the denial of benefits to the employee. *Id.* The employee appealed to the circuit court, and the employer raised the fact that the appeal to the Appellate Panel was untimely. *Id.* The circuit court determined that because the Employer failed to take an immediate appeal, the ruling that the Appellate Panel had subject matter jurisdiction over the employee's appeal was the law of the case. *Id.* On appeal, the supreme court determined the circuit court erred in holding the Appellate Panel's denial of Employer's motion to dismiss was immediately appealable. *Id.* at 188, 714 S.E.2d at 549. The court also clarified that the issue is properly couched as one of appellate jurisdiction rather than subject matter jurisdiction. *Id.*

In an unpublished North Carolina case, the deputy commissioner (similar to our single commissioner) entered an order denying a claimant's motion to dismiss the guaranty association's request for a final hearing. *Pait v. Se. Reg'l Hosp.*, 196

N.C.App. 517, 675 S.E.2d 154 (2009). The claimant filed a notice of appeal to the Full Commission (similar to our Appellate Panel). *Id.* The Guaranty Association filed a motion to dismiss the claimant's appeal. *Id.* The Full Commission denied the claimant's request to be allowed to take an interlocutory appeal from the deputy commissioner's order, finding the right to appeal the interlocutory order was preserved until the issuance of a final opinion and award by a deputy commissioner, at which time the claimant could raise any issues on appeal to the Full Commission. *Id.* "An order declining to allow an interlocutory appeal to the [F]ull Commission from an order entered by a [d]eputy [c]ommissioner denying a dismissal motion is quintessentially interlocutory, since it contemplate[s] further proceedings ... at the trial level." *Id.* (fourth and fifth alteration by court) (internal quotation marks omitted).

In a New York case, "a Workers' Compensation Law Judge [ (WCLJ) ] found that claimant had submitted prima facie medical evidence of an injury and set the claim down for a hearing to determine, among other things, the question of causal relationship." *Garti v. Salvation Army,* 80 A.D.3d 1101, 914 N.Y.S.2d 799, 800 (N.Y.App.Div.2011).

> The employer sought review from the Workers' Compensation Board, arguing that claimant had not submitted prima facie medical evidence. The Board refused to consider the employer's application, pointing out that a finding of prima facie medical evidence after a prehearing conference "is an evidentiary determination that the case may proceed and is interlocutory and is not reviewable by the Board."

*Id.* (citation omitted). The employer appealed to the Supreme Court, Appellate Division; the claimant asserted the appeal was from an interlocutory decision and must be dismissed; and the court agreed with the claimant. *Id.*

In another New York case, the Supreme Court, Appellate Division, noted:

> The Board made no final rulings and declined review of the WCLJ's decision based upon 12 NYCRR 300.38[ (h)(5) ](i), which provides that WCLJ "[d]ecisions containing only orders or directions made ... in connection with the prehearing conference and expedited hearing process in controverted cases ... shall not be reviewable by the Board ...

*until a decision has been made by a [WCLJ] establishing or disallowing the claim."*

*Gibbs v. N.Y. City Health & Hosp. Corp.,* 114 A.D.3d 1011, 980 N.Y.S.2d 172, 173 (N.Y.App.Div.2014) (second alteration, ellipses, and emphasis added by court).

The North Carolina Supreme Court has held, "If an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Love v. Moore,* 305 N.C. 575, 291 S.E.2d 141, 144 (1982). The supreme court found, "The threshold question which should have been considered by the [c]ourt of [a]ppeals, although not presented to that court, was whether an immediate appeal lies from the trial court's orders." *Id.* The supreme court determined "the appeal was premature and the case should first run its course in the trial court." *Id.* It therefore, "neither consider[ed] nor address[ed] the questions discussed by the [c]ourt of [a]ppeals." *Id.* The court noted, "Any procedural matters about the issues which defendant attempted to raise in this purported appeal may later be considered on appeal of this cause in its entirety should the matter again be brought before the appellate division." *Id.* at 147. The court vacated the court of appeals' decision and remanded the case to it with instructions to enter an order dismissing the appeal. *Id.*

The Idaho Supreme Court has found a district court did not have jurisdiction to hear a petition for judicial review from the Real Estate Appraiser Board's decision to deny a motion to dismiss. *Williams v. State, Bd. of Real Estate Appraisers,* 149 Idaho 675, 239 P.3d 780, 782, 784 (2010). The supreme court thus vacated the district court's decision. *Id.* at 784. The court additionally determined it did "not have jurisdiction to decide the issues raised and must dismiss this appeal." *Id.*

 The appeal from the single commissioner to the Appellate Panel was not from a final judgment and was interlocutory. The applicable statute provides for appeals from an award, which *Black's Law* defines as a final decision, mandating that appeals only be from a final decision. Although the applicable regulation uses the term decision instead of award, a regulation cannot add to the statute. Therefore, an appeal must be from an award, not simply any decision.

The New York cases of *Garti* and *Gibbs* support that appeals from the single commissioner must be from final order, but New York's statute is more specific than our state's, stating explicitly decisions containing only orders or directions made shall not be reviewable by the Appellate Panel until a decision has been made establishing or disallowing the claim. In the case of *Pait* from North Carolina, after which our workers' compensation system was originally modeled, the court affirmed the Appellate Panel's dismissal of the appeal from the single commissioner for the order being interlocutory until the single commissioner issues a final opinion and award. Our supreme court has made clear in recent years with *Bone* that the circuit court (under the former statute), this court, and the supreme court cannot hear appeals from the Appellate Panel if it does not constitute a final decision. A plain reading of the statute supports that appeals from the single commissioner to the Appellate Panel must be from final orders as well. The denial of a motion to dismiss has been consistently held not to be a final decision. That principle should also apply in the workers' compensation context.[4] Accordingly, we vacate the Appellate Panel's order and remand this matter to it for it to enter an order vacating Employer's appeal to it.

## CONCLUSION

We reverse the Appellate Panel's order because the order from the single commissioner was not immediately appealable.[5] Accordingly, we vacate the Appellate Panel's order and remand for it to dismiss Employer's appeal.

**VACATED AND REMANDED.**

WILLIAMS and LOCKEMY, JJ., concur.

---

4. In terms of appealability, the denial of a motion to dismiss is much like a denial of a motion for summary judgment. *See McLendon*, 313 S.C. at 526 n. 2, 443 S.E.2d at 540 n. 2. Accordingly, the single commissioner's order does not establish the law of the case and can be appealed from if an award is issued. *See id.* ("[T]he denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings.").

5. We need not determine Levi's remaining issue regarding ripeness. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518

S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).