**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gena Cain Davis, Claimant, Appellant,

v.

S.C. Department of Corrections, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2019-000560

———

Appeal From The South Carolina Workers'
Compensation Commission

———

Unpublished Opinion No. 2022-UP-081
Submitted December 1, 2021 – Filed February 23, 2022

———

**VACATED IN PART AND REMANDED**

———

Stephen Benjamin Samuels, of Samuels Reynolds Law
Firm, LLC, of Columbia, for Appellant.

Kirsten Leslie Barr, of Trask & Howell, LLC, of Mount
Pleasant, for Respondents.

———

**PER CURIAM:** This workers' compensation case involves a single commissioner's order memorializing two decisions from an off-the-record conference. First, the commissioner allowed the claimant to withdraw her request for a hearing. Second,

the commissioner dismissed the employer and the insurance carrier's (collectively, Respondents) request to stop paying temporary compensation. Respondents sought review. An appellate panel affirmed the single commissioner's decision on the stop-pay request but reversed his decision on the withdrawn hearing request.

We vacate the appellate panel's order as it pertains to the claimant's hearing request because that decision was not immediately appealable.

**FACTS**

Gena Cain Davis started a claim at the South Carolina Workers' Compensation Commission (the commission) by filing a Form 50 in July 2016. This first Form 50 alleged injuries to her left knee and leg, her right knee and leg, and her back while working at the Department of Corrections. Respondents started paying temporary compensation two weeks after the injury.

Three months later, in October 2016, Davis requested a hearing by filing a Form 50. Other than the request for a hearing, this Form 50 differed from her original filing in that it alleged Davis's work-related fall aggravated a pre-existing medical condition of deep vein thrombosis (DVT). She sought additional medical examination and treatment.

The commission set a hearing in January 2017, but Respondents filed a prehearing request to leave the record open for a doctor's deposition. Davis's appellate brief states the hearing was continued and that she withdrew her hearing request four days after the doctor's deposition.

In March 2017, the month after Davis withdrew her first hearing request, Respondents stopped paying Davis temporary compensation based on their claim she refused to submit to a physical examination. Respondents filed a Form 21 requesting a hearing regarding their suspension of compensation after they had already stopped paying Davis. There is no dispute that this hearing request incorrectly claimed temporary compensation payments were current.

Davis filed an answer to the stop-pay request. She alleged she was compliant with all treatment, requested additional compensation, and asked that Respondents be penalized for improperly suspending temporary compensation. Two days later, she requested a hearing by filing another Form 50, again, for more medical examination and treatment. The commission ultimately set the hearing for the end of October 2017.

On the day of the hearing, the single commissioner held a prehearing conference. Nobody disputes Davis argued Respondents' stop-pay request was not properly before the commission and that the single commissioner agreed with the argument. There is also no dispute that Davis then withdrew her hearing request and did so for the purpose of obtaining additional evidence supporting her claim for further medical evaluation and treatment.

Nine days later, in early November, the single commissioner asked Davis's attorney for a proposed order on the dismissal of Respondents' stop-pay request. Davis's counsel drafted an order dismissing the stop-pay request, stating the single commissioner allowed Davis to withdraw her Form 50 without prejudice and returning the case to the commission's general files.

Respondents objected via email, arguing that "the prejudice issue was never raised by [Davis], or addressed by the [single c]ommissioner." The single commissioner's administrative assistant eventually sent a message explaining the commissioner's recollection of the prehearing conference was that he had allowed the claimant to withdraw the hearing request without prejudice. Respondents disputed this and alleged Davis sought to cancel the hearing for the sole purpose of delay.

Respondents sought appellate panel review. The panel affirmed the dismissal of the stop-pay request but reversed the part of the single commissioner's order concluding Davis withdrew her Form 50 without prejudice. Though the panel did not dispute the single commissioner could issue an order on the stop-pay request, the panel found the commissioner was "divested of jurisdiction and authority" after Davis withdrew her Form 50 at the prehearing conference. The panel also found it could not evaluate whether withdrawal without prejudice was appropriate because the single commissioner's order was "impermissibly vague, as it lack[ed] detailed findings of fact and rulings of law."

## ANALYSIS

Davis argues the single commissioner's decision allowing her to withdraw her hearing request was not immediately appealable. We agree.

The statute for appeals from a single commissioner to the appellate panel states:

> If an application for review is made to the commission within fourteen days from the date when notice of the award shall have been given, the commission shall review the award and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear

the parties or their representatives and, if proper, amend the award.

S.C. Code Ann. § 42-17-50 (2015).

This court previously held a single commissioner's decision to deny a motion to dismiss was not immediately appealable. *Levi v. N. Anderson Cnty. EMS*, 409 S.C. 374, 385, 762 S.E.2d 44, 50 (Ct. App. 2014). While the statute's language indicates an appeal from a single commissioner to the appellate panel must be from an award, this court has noted that "[t]he Code does not define award." *Id*. at 380, 762 S.E.2d at 48.

The appellate panel commonly reviews intermediate orders that decide important issues in a contested workers' compensation case. It does so even though other parts of the case remain in active litigation or are not ripe for decision. This is not one of those orders. The single commissioner's order allowing Davis to withdraw the Form 50 without prejudice and returning the claim to the commission's general files is analogous to an order granting a continuance or denying a motion to dismiss. An order granting a continuance or denying a motion to dismiss is generally not immediately appealable. *See Temples v. Ramsey*, 285 S.C. 600, 602, 330 S.E.2d 558, 559 (1985) ("[I]t is well-established that orders granting . . . motions for a continuance . . . are not directly appealable."). This court has applied these sorts of general principles in workers' compensation cases before. *See Walker v. Springs Indus., Inc.*, 298 S.C. 249, 379 S.E.2d 729 (Ct. App. 1989) (single commissioner's order allowing a claimant to withdraw her hearing request without dismissing her underlying claim and returning the claim to the commission's files was interlocutory because it constituted an indefinite continuance of the case); *Levi*, 409 S.C. at 385, 762 S.E.2d at 50 (single commissioner's order denying an employer's motion to dismiss not immediately appealable); *see also Martinez v. Spartanburg County*, 406 S.C. 532, 534, 753 S.E.2d 436, 437 (2014) (opinion of this court vacated and case remanded to the commission because the underlying order was not immediately appealable).

The fact that the single commissioner's order also dismissed Respondents' stop-pay request does not affect our analysis. While appellate courts can review issues that are not immediately appealable when they are coupled with issues that can be reviewed immediately, *see Brown v. County of Berkeley*, 366 S.C. 354, 362 n.5, 622 S.E.2d 533, 538 n.5 (2005), there is heavy reluctance to do so. Interlocutory appellate tinkering tends to disrupt litigation's forward progress. This case is a case in point. Neither Davis nor Respondents have been well-served by the fact that this

claim has been stuck in appellate jousting rather than litigated on the merits in front of the commission.

Davis asks us to penalize Respondents for prematurely suspending her temporary compensation. The issue of penalties remains pending at the commission. Therefore, we cannot address it. *See Cutter v. Wilkinson*, 544 U.S. 709, 718, n.7 (2005) (an appellate court is "a court of review, not of first view").

Davis raises other arguments about the Form 50, but we do not reach them because our determination on appealability is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (an appellate court does not need to review remaining issues when its determination of a prior issue is dispositive).

**CONCLUSION**

Because the single commissioner's decision to allow Davis to withdraw her Form 50 hearing request without prejudice was not immediately appealable, we vacate the portion of the appellate panel's decision addressing the Form 50 and remand for proceedings consistent with this opinion.

**VACATED IN PART AND REMANDED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.