■ In the Matter of the Claim of MARY GIBBS, Respondent, v NEW YORK CITY HEALTH & HOSPITAL CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [980 NYS2d 172]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed April 27, 2012, which refused to review a decision of the Workers' Compensation Law Judge and assessed a penalty against the self-insured employer pursuant to Workers' Compensation Law § 23.

Claimant filed a claim for workers' compensation benefits alleging that she suffered from plantar fasciitis and heel spurs due to repetitive standing as a result of her employment as a stock worker supervisor at a hospital. After the self-insured employer controverted the claim, the matter was scheduled for a prehearing conference. At the conference, the employer raised issues of, among other things, accident and notice, and the case was set down for an expedited hearing under Workers' Compensation Law § 25 (3) (d). At the next scheduled hearing, claimant testified regarding her claim of work-related injury. Following her testimony, the Workers' Compensation Law Judge (hereinafter WCLJ) noted that he found "accident and notice based upon the uncontroverted testimony" of claimant, however, the notice of decision specifically stated that the case was continued to address, among other things, "Accident Within Meaning of Workers' Compensation Law, Accident Arising Out of And In The Course Of Employment, Occupational Disease . . . , Notice [and] Causally Related Accident Or Occupational Disease." Thereafter, the employer sought review of that decision from the Workers' Compensation Board, requesting that the WCLJ's "decision finding accident and notice be rescinded." The Board refused to consider the employer's application, ruling that the WCLJ's decision was not reviewable by it until final. Additionally, the Board found that the application for review was brought for the purpose of delay and upon frivolous grounds and, therefore, imposed a penalty upon the employer. This appeal ensued.

The Board's decision is not appealable. The Board made no final rulings and declined review of the WCLJ's decision based upon 12 NYCRR 300.38 (i), which provides that WCLJ "[d]ecisions containing only orders or directions made . . . in connection with the pre-hearing conference and expedited hearing process in controverted cases . . . shall not be reviewable by the Board . . . *until a decision has been made by a [WCLJ] establishing or disallowing the claim*" (emphasis added). Al-

though the employer argues that the Board's refusal to review the WCLJ decision is erroneous because findings related to accident and notice are dispositive and cannot be considered nonfinal "orders or directions" within the meaning of 12 NYCRR 300.38 (i), we note that it appears from a plain reading of the WCLJ decision at issue in this expedited case that all questions relating to, among other things, accident and notice were not finally decided and no decision as to the establishment or disallowance of the claim was rendered. In any event, regardless of the ultimate merit of the employer's contentions, the fact remains that the Board's decision declining review of these issues and imposing a penalty is interlocutory and not presently appealable in that it "neither resolved all substantial issues in the claim nor reached a threshold legal issue" (*Matter of Garti v Salvation Army*, 80 AD3d 1101, 1102 [2011] [internal quotation marks and citation omitted]; *see Matter of Hosler v Smallman*, 106 AD3d 1218, 1219 [2013]; *Matter of Dow v Silver Constr. Corp.*, 83 AD3d 1270, 1270-1271 [2011]). Thus, we agree with the Board that the subject appeal must be dismissed as premature (*see Matter of Garti v Salvation Army*, 80 AD3d at 1102).

McCarthy, J.P., Rose and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.