726 S.E.2d 229

William BURKEY, Respondent,

v.

Peter Jay NOCE, Melinda Noce, DDLabs, Inc., AvVenta World-
wide, Inc., AvVenta Worldwide, S.A., AvVenta Holdings,
LLC, and Wild Dunes Investments, Appellants.

No. 4971.

Court of Appeals of South Carolina.

Submitted April 2, 2012.
Decided May 9, 2012.

John S. Wilkerson, III, Nosizi Ralephata, and Sean A. O'Connor, all of Charleston, R. Hawthorne Barrett, of Columbia, and Jeffrey L. Squires, of Washington, D.C., for Appellants.

Allan R. Holmes, A. Riley Holmes, Jr., and Timothy O. Lewis, all of Charleston, for Respondent.

PER CURIAM.

Peter Noce, Melinda Noce, DDLabs, Inc., AvVenta Worldwide, Inc., AvVenta Worldwide, S.A., AvVenta Holdings, LLC, and Wild Dunes Investments (Appellants) appeal an order of the circuit court denying their motion to dismiss for forum non conveniens. We dismiss [1] the appeal as not immediately appealable.

## FACTS

Appellants employed William Burkey in Costa Rica pursuant to an Employment and Confidentiality Agreement, from November 15, 2005, through December 31, 2008. Burkey sued Appellants in the Charleston County Court of Common Pleas, alleging the following causes of action: breach of contract, fraudulent breach of contract accompanied by fraudulent act, defamation, breach of employment contract in violation of clear mandate of public policy, South Carolina Payment of Wages Act, and declaratory relief invalidating unlawful and unenforceable covenant. Appellants filed a motion to dismiss the complaint pursuant to principles of forum non conveniens and multiple Rule 12(b), SCRCP, grounds. The circuit court held a motions hearing on the matters. The circuit court

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

subsequently denied all motions to dismiss in a written order.[2] This appeal followed.

## LAW/ANALYSIS

Section 14–3–330 of the South Carolina Code (1977 & Supp.2011) limits this court's ability to hear appeals. Only final judgments and certain interlocutory orders are appealable. *Id.* An interlocutory order is not immediately appealable unless it involves the merits of the case or affects a substantial right. *Id.* While no South Carolina case law concerns the immediate appealability of a denial of dismissal based specifically on forum non conveniens, our courts have ruled on the appealability of other denials of motions to dismiss. Generally, the denial of a motion to dismiss under Rule 12(b)(6), SCRCP, is not immediately appealable. *Huntley v. Young,* 319 S.C. 559, 560, 462 S.E.2d 860, 861 (1995). "[T]he denial of a motion to dismiss [based on statute of limitations] is not directly appealable. . . ." *McLendon v. S.C. Dep't of Highways & Pub. Transp.,* 313 S.C. 525, 526 n. 2, 443 S.E.2d 539, 540 n. 2 (1994). An order denying a motion to dismiss for lack of subject matter jurisdiction is also not directly appealable. *Allison v. W.L. Gore & Assocs.,* 394 S.C. 185, 188, 714 S.E.2d 547, 549 (2011). Additionally, an order denying a motion to change venue is not immediately appealable. *Breland v. Love Chevrolet Olds, Inc.,* 339 S.C. 89, 95, 529 S.E.2d 11, 14 (2000).

Moreover, the United States Supreme Court has expressly ruled that federal court litigants cannot immediately appeal the denial of a motion to dismiss based on forum non conveniens. *Van Cauwenberghe v. Biard,* 486 U.S. 517, 527, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988). In *Van Cauwenberghe,* the petitioner argued the district court's order denying his motion to dismiss on the ground of forum non conveniens fell within the collateral order doctrine, and thus, was immediately appealable. *Id.* The Supreme Court held that

---

2. Appellants are only appealing the denial of the motion to dismiss on the ground of forum non conveniens.

the question of the convenience of the forum is not "completely separate from the merits of the action," and thus, is not immediately appealable as of right. *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). Additionally, other courts have addressed the issue and have held the denial of a motion to dismiss on the basis of forum non conveniens is not immediately appealable. *See King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1378–81 (11th Cir.2009) (finding the denial of a motion to dismiss on the basis of forum non conveniens is not a final, appealable order); *Rosenstein v. Merrell Dow Pharm., Inc.*, 769 F.2d 352, 354 (6th Cir.1985) (holding the denial of a motion to dismiss on forum non conveniens grounds is not immediately appealable under collateral order exception to final judgment rule); *Rolinski v. Lewis*, 828 A.2d 739, 742 (D.C.2003) (holding that denials of forum non conveniens motions to dismiss are not immediately appealable as of right); *Payton–Henderson v. Evans*, 180 Md.App. 267, 949 A.2d 654, 662 (2008) (stating forum non conveniens issues are treated the same as change of venue and the denial of either is not immediately appealable). After a careful analysis of section 14–3–330 and the authority cited herein, we find the denial of Appellants' motion to dismiss based on forum non conveniens is not immediately appealable.[3]

## CONCLUSION

For the foregoing reasons, the appeal is

**DISMISSED.**

PIEPER, KONDUROS, and GEATHERS, JJ., concur.

---

**3.** In light of our disposition herein, we decline to address Appellants' remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).