776 S.E.2d 91

Cynthia HALL and Ronald R. Ballentine, Respondents,

v.

GREEN TREE SERVICING, LLC, f/k/a Green
Tree Financial Servicing Corp., Appellant.

Appellate Case No. 2013–001528.
No. 5323.

Court of Appeals of South Carolina.

Heard March 4, 2015.
Decided July 1, 2015.

268

Val H. Stieglitz, III and Suzanne G. Grigg, of Columbia; and Stephen Peterson Groves, Sr., of Charleston; all of Nexsen Pruet, LLC, for appellant.

Brian L. Boger and Phillip Anthony Curiale, of the Law Offices of Brian L. Boger, of Columbia, for respondents.

WILLIAMS, J.

Green Tree Servicing, LLC (Green Tree) appeals the circuit court's order finding Cynthia Hall and Robert Ballentine's (Respondents) statutory claims against Green Tree for violations of claim and delivery proceedings and notification provisions were not subject to mandatory arbitration. We reverse.

**FACTS/PROCEDURAL HISTORY**

On March 12, 1999, Hall was granted title to property in Blythewood, South Carolina, by her father, Ballentine. On or around June 10, 1999, Hall completed a license application for a mobile home, listing herself and Ballentine as co-owners. On July 6, 1999, Respondents entered into a credit and sale contract (the Contract) with Green Tree through which the parties agreed Green Tree would finance Respondents' purchase of a mobile home. Under the terms of the Contract, Green Tree agreed to loan Respondents approximately $68,000 with an adjustable interest rate. Hall agreed to serve as the primary obligor with Ballentine as the secondary obligor.

The Contract contained the following arbitration clause:

ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL

a. **Dispute Resolution.** Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below.

. . .

b. **Arbitration.** Since this contract touches and concerns interstate commerce, an arbitration under this Contract shall be conducted in accordance with the [Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–307 (2009 & Supp. 2014)], notwithstanding any choice of law provision in this Contract. The Commercial Rules of the American Arbitration Association ("AAA") also shall apply. The arbitrator(s) shall follow the law and shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s).

At some point after signing the Contract, Respondents defaulted on their monthly payments. On May 16, 2012, Green Tree repossessed the home. Green Tree sold the home on June 11, 2012.

On October 30, 2012, Respondents filed a complaint against Green Tree alleging breach of contract and unjust enrichment. Additionally, Respondents raised claims for violation of claim and delivery proceedings [1] and violation of notification provisions [2] (collectively "the statutory claims"). On November 29, 2012, Green Tree filed a motion to dismiss or, in the alternative, a motion to stay, pending mandatory arbitration.

On June 3, 2013, the circuit court issued an order granting Green Tree's motion to dismiss in part and denying the motion in part. The circuit court found it did not have subject matter jurisdiction over Respondents' claims for breach of contract

---

1. *See* S.C.Code Ann. §§ 15–69–10 through –210 (2005).

2. *See* S.C.Code Ann. §§ 36–9–611 through –612 (2003).

and unjust enrichment because those claims were subject to mandatory arbitration pursuant to the arbitration clause in the Contract. However, the circuit court found the statutory claims were not subject to mandatory arbitration because the arbitration clause did not contain language indicating Respondents agreed to arbitrate statutory claims. Nevertheless, the circuit court found the arbitration clause was valid and enforceable because Respondents failed to present any evidence supporting their claim that it was unconscionable. This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err in finding the statutory claims were not subject to mandatory arbitration?

## STANDARD OF REVIEW

■■■ "Arbitrability determinations are subject to de novo review." *Dean v. Heritage Healthcare of Ridgeway, LLC,* 408 S.C. 371, 379, 759 S.E.2d 727, 731 (2014) (emphasis omitted) (citing *Bradley v. Brentwood Homes, Inc.,* 398 S.C. 447, 453, 730 S.E.2d 312, 315 (2012)). The circuit court's determination of whether a claim is subject to arbitration will not be reversed by an appellate court if the finding is reasonably supported by the evidence. *York v. Dodgeland of Columbia, Inc.,* 406 S.C. 67, 78, 749 S.E.2d 139, 144 (Ct.App.2013). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Dean,* 408 S.C. at 379, 759 S.E.2d at 731(alteration in original) (quoting *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)) (internal quotation marks omitted). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Landers v. Fed. Deposit Ins. Corp.,* 402 S.C. 100, 109, 739 S.E.2d 209, 213 (2013) (citation and internal quotation marks omitted).

## LAW/ANALYSIS

### Subject to Mandatory Arbitration

Green Tree argues the circuit court erred in finding the statutory claims are not subject to mandatory arbitration because (1) an arbitration clause does not need specific language stating it covers statutory claims, and (2) the statutory claims arise out of and are related to the Contract.

## A. Specific Language for Statutory Claims

Green Tree argues the circuit court erred in finding an arbitration clause must include specific language stating it covers statutory claims. We agree.

In *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 625–28, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), the U.S. Supreme Court rejected the petitioner's argument that an "arbitration clause must specifically mention the statute giving rise to the claims that a party to the clause seeks to arbitrate." In addressing whether claims arising under the Sherman Antitrust Act [3] were subject to arbitration when the arbitration clause did not specifically include statutory claims, the Court found,

> Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue. Nothing, in the meantime, prevents a party from excluding statutory claims from the scope of an agreement to arbitrate.

*Id.* at 628, 105 S.Ct. 3346. Accordingly, the Court rejected the petitioner's proposed rule of arbitration clause construction and found specific language is not required for a statutory claim to be subject to an arbitration agreement. *Id.* More recently in *CompuCredit Corp. v. Greenwood*, —— U.S. ——, ——, 132 S.Ct. 665, 673, 181 L.Ed.2d 586 (2012), the U.S. Supreme Court held a statutory claim arising out of the Credit Repair Organization Act (CROA) [4] was subject to arbitration under the parties' arbitration agreement. In *CompuCredit*, the contested arbitration clause stated, "Any claim, dispute or controversy (whether in contract, tort, or otherwise) at any time arising from or relating to your Account, any transferred balances or this Agreement . . . upon the election of you or us, will be resolved by binding arbitration." *Id.* at 668. The Court noted the FAA "requires courts to enforce agreements to arbitrate [federal statutory claims] according to their terms," "unless the FAA's mandate has been overridden by a

---

3. 15 U.S.C. §§ 1–7 (2009).

4. 15 U.S.C. §§ 1679–79j (2009).

contrary congressional command." *Id.* at 669 (citation and internal quotation marks omitted). The Court found the CROA did not contain an overriding congressional command and the language in the parties' arbitration agreement was sufficient to subject the plaintiff's statutory claim to mandatory arbitration. *See id.* at 673.

Likewise, in *Landers,* 402 S.C. at 114, 739 S.E.2d at 216, our supreme court held the plaintiff's statutory claim for illegal proxy solicitation under section 33–7–220(i) of the South Carolina Code (2006) was subject to mandatory arbitration pursuant to the parties' arbitration agreement. In *Landers,* the arbitration agreement stated that "any controversy or claim arising out of [or] relating to this contract, or the breach thereof, shall be settled by binding arbitration." *Id.* at 104, 739 S.E.2d at 211 (emphasis omitted). In determining whether the illegal proxy solicitation claim was subject to the arbitration agreement, our supreme court did not create an exception requiring specific language for an arbitration clause to cover a statutory claim. *Id.* at 113–14, 739 S.E.2d at 215–16. In fact, the court's discussion focused on whether the claim arose out of the agreement, not whether it was a common law or statutory claim. *Id.*

■ Based upon our review of the applicable precedent, we find no specific language is necessary for an arbitration clause to encompass statutory claims. Therefore, in the instant case, the circuit court erred in finding the statutory claims were not subject to mandatory arbitration because the arbitration clause did not specifically state Respondents agreed to arbitrate statutory claims. *See, e.g., Mitsubishi,* 473 U.S. at 628, 105 S.Ct. 3346 (holding no specific language was required for a statutory claim to be subject to an arbitration agreement); *CompuCredit,* 132 S.Ct. at 673 (finding an arbitration clause without express language stating it encompassed statutory claims covered the plaintiff's statutory claims); *Landers,* 402 S.C. at 113–14, 739 S.E.2d at 215–16 (failing to find the statutory nature of a claim was a distinguishing factor in determining whether a claim was subject to arbitration).

## B. "Arising out of or Relating to" the Contract

Next, Green Tree argues the circuit court erred in concluding the statutory claims neither arose out of nor were related to the Contract. We agree.

■■■ "Generally, any arbitration agreement affecting interstate commerce . . . is subject to the FAA." *Landers*, 402 S.C. at 108, 739 S.E.2d at 213.

> [T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute. The court is to make this determination by applying the federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA].

■ *Mitsubishi*, 473 U.S. at 626, 105 S.Ct. 3346 (citation and internal quotation marks omitted). "[S]tatutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

■■■ "Whether a party has agreed to arbitrate an issue is a matter of contract interpretation[,] and [a] party cannot be required to submit to arbitration any dispute which he has not agreed . . . to submit." *Landers*, 402 S.C. at 108, 739 S.E.2d at 213 (alteration in original) (internal quotation marks and citation omitted). "There is a strong presumption in favor of the validity of arbitration agreements because of the strong policy favoring arbitration." *Cape Romain Contractors, Inc. v. Wando E., LLC*, 405 S.C. 115, 125, 747 S.E.2d 461, 466 (2013) (quoting *Bradley*, 398 S.C. at 455, 730 S.E.2d at 316) (internal quotation marks omitted).

In the instant case, the Contract's arbitration clause contains the following language:

> Any controversy or claim between or among you and me . . . arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge. . . .

■■ First, we find Respondents' claim for violation of the claim and delivery proceedings statute is within the scope of the Contract's arbitration clause. In raising this claim, Respondents alleged Green Tree "failed to comply with the requisite formalities in undertaking an action in claim and

delivery and, as such, [Respondents] were entitled to have remained in possession of the [home] until the appropriate procedures were followed." This claim is within the scope of the arbitration clause because Green Tree's actions to recover the property as a result of Respondents' default created a controversy arising out of the Contract. Additionally, as our supreme court has noted, any doubt as to whether this claim is subject to arbitration must be resolved in favor of arbitration. *See Landers*, 402 S.C. at 109, 739 S.E.2d at 213 ("It is the policy of this state and federal law to favor arbitration and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." (citation and internal quotation marks omitted)). Accordingly, we find Respondents' claim for violation of claim and delivery proceedings is within the scope of the Contract's arbitration clause and is subject to mandatory arbitration.

Next, we find Respondents' claim for violation of the statutory notification provisions is subject to mandatory arbitration. With regard to this claim, Respondents assert Green Tree failed to provide them with the notice required by statute to properly retake possession of the property. We find this claim arises out of the Contract because Green Tree reclaimed the property due to Respondents' failure to comply with the terms of the Contract. Accordingly, Respondents' claim for violation of the statutory notification provisions is within the scope of the Contract's arbitration clause and subject to mandatory arbitration.[5]

## CONCLUSION

Based on the foregoing, we reverse the circuit court's finding that the statutory claims were not subject to mandatory arbitration.

**REVERSED.**

FEW, C.J., and HUFF, J., concur.

---

5. In response to Green Tree's arguments, Respondents argued in their brief that the arbitration clause was unconscionable; however, Respondents abandoned this issue during oral argument. Accordingly, we decline to address this issue. *See Folkens v. Hunt*, 290 S.C. 194, 205, 348 S.E.2d 839, 845 (Ct.App.1986) (declining to address an issue that was abandoned during oral argument).