**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Affordable Concrete and Masonry, Respondent,

v.

Roper Hanks, LLC, Appellant.

Appellate Case No. 2015-001788

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2017-UP-343
Heard June 6, 2017 – Filed August 9, 2017

**AFFIRMED**

Paul Eliot Sperry and Tyler Paul Winton, both of Carlock
Copeland & Stair, LLP, of Charleston, for Appellant.

Natasha M. Hanna, of Law Office of Natasha M. Hanna,
P.C., of Myrtle Beach, for Respondent.

**PER CURIAM:** Roper Hanks, LLC appeals the circuit court's denial of its motion to dismiss, transfer venue, and compel arbitration. We affirm.

**FACTS/PROCEDURAL BACKGROUND**

On March 7, 2013, Roper Hanks, LLC (Roper), a Georgia general contractor, accepted South Carolina subcontractor Affordable Concrete and Masonry d/b/a RSS, LLC's (Affordable's) bid to install concrete at a Haverty Furniture Companies, Inc. (Haverty) store in Charleston, South Carolina for $42,043.83.

On March 28, 2013, after completing the first phase of the project, Affordable submitted its first application for payment to Roper. At that time, Roper presented the subcontract agreement (the contract) to Affordable. The parties signed the contract on April 5, 2013, and Affordable began working on the second phase of the project. Thereafter, Roper requested Affordable perform additional work for $12,530.30.

During the project, a payment dispute arose between Roper and Affordable and Affordable was terminated. On December 23, 2013, Affordable filed a complaint against Haverty for foreclosure, breach of contract, and quantum meruit. In September 2014, a stipulation of dismissal as to Haverty was filed and Roper was added to Affordable's complaint. Affordable asserted it was owed $25,916.62 for labor and materials. Roper subsequently filed a motion to dismiss, transfer venue, and compel arbitration asserting the contract contained forum selection and arbitration clauses and was subject to the Federal Arbitration Act (FAA)[1]. A hearing on Roper's motion was held on December 18, 2014.

In a March 2, 2015 order, the circuit court denied Roper's motion. The court found Roper did not introduce any evidence, other than its incorporation in Georgia, that the contract involved interstate commerce. The court noted the contract was signed in South Carolina, the materials for the project were purchased in South Carolina, and the contract was performed in South Carolina. Accordingly, the court held South Carolina law, not the FAA, applied to the arbitration agreement. The court further found the contract did not contain the requisite notice required by the South Carolina Uniform Arbitration Act (SCUAA)[2] and was unenforceable. In addition, the court held:

> Due to [Affordable's] lack of bargaining power, lack of sophistication, the nature of the damages, the inconspicuous placement and form of the arbitration clause, and the timing of the contract, [Affordable] was not afforded meaningful choice to agree to arbitration.

---

[1] 9 U.S.C.A. § 1 et seq. (2012).
[2] S.C. Code Ann. § 15-48-10 et seq. (2005).

> [Affordable's] lack of meaningful choice, in conjunction with the one-sided and oppressive terms of the agreement, makes the arbitration agreement unconscionable, and therefore unenforceable.

The circuit court further held the contract's choice of law provision was "one-sided, oppressive, [and] adhesive." The court found Affordable lacked a meaningful choice in signing the provision because the contract was not provided to Affordable until after work had begun on the project. The court held Affordable was not offered a meaningful opportunity to bargain for the terms and risked not getting paid for the work already completed if it did not sign the contract. Roper's subsequent motion for reconsideration was denied. This appeal followed.

## STANDARD OF REVIEW

"The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise." *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001). This court reviews an arbitrability determination de novo. *Hall v. Green Tree Servicing, LLC*, 413 S.C. 267, 271, 776 S.E.2d 91, 94 (Ct. App. 2015). "Nevertheless, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings." *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 22, 644 S.E.2d 663, 667 (2007).

## LAW/ANALYSIS

Roper argues the circuit court erred in denying its motion to dismiss, transfer venue, and compel arbitration. Specifically, Roper contends the parties engaged in interstate commerce sufficient to invoke the FAA, and Georgia law applied pursuant to the contract's choice of law provision.

## I.    FAA

"The policy of the United States and South Carolina is to favor arbitration of disputes." *Zabinski*, 346 S.C. at 596, 553 S.E.2d at 118. "Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *Id.* "To decide whether an arbitration agreement encompasses a dispute, a court must determine whether the factual allegations underlying the claim are within the scope of the broad arbitration clause, regardless of the label assigned to the claim." *Id.* at 597, 553 S.E.2d at 118. "Any doubts

concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.*

The arbitration provision at issue in this case, located on page thirteen of the contract, provides as follows:

## Article X
## Claims and Disputes

A. Any claim, dispute, or controversy between Owner or Contractor, shall be conclusively resolved and settled as follows:

Subcontractor shall conclusively be bound by and abide by Owner or Contractor's decision, unless Subcontractor shall timely commence arbitration proceedings . . . . .

Unless the parties have contracted otherwise, the FAA applies in federal or state court to any arbitration agreement involving interstate commerce. *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 538, 542 S.E.2d 360, 363 (2001). The FAA provides that a written arbitration agreement in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2 (2012).

"The United States Supreme Court 'has previously described the [FAA]'s reach expansively as coinciding with that of the Commerce Clause.'" *Cape Romain Contractors, Inc. v. Wando E., LLC*, 405 S.C. 115, 122, 747 S.E.2d 461, 464 (2013) (quoting *Allied–Bruce Terminix Cos. v. Dobson,* 513 U.S. 265 (1995)). Pursuant to the Commerce Clause, Congress has authority to regulate (1) use of the channels of interstate commerce; (2) persons, things or instrumentalities in interstate commerce; and (3) activities having a substantial relation to interstate commerce. *Id.* at 123, 747 S.E.2d at 465.

Roper argues the circuit court erred in finding the FAA did not apply to the contract's arbitration provision because the parties' transaction did not involve interstate commerce. In assessing whether the transaction at issue in this case involved interstate commerce, we must examine the terms of the contract, the complaint, and the surrounding facts. *See Zabinski*, 346 S.C. at 594, 553 S.E.2d at 117 ("To ascertain whether a transaction involves commerce within the meaning of

the FAA, the court must examine the agreement, the complaint, and the surrounding facts.").

We find the contract did not involve interstate commerce. Although Roper is a Georgia company, Roper and Affordable contracted to do business in South Carolina and the project was completed in South Carolina. In addition, the concrete for the project was manufactured in South Carolina and all of the construction supplies were purchased in South Carolina. There is no evidence in the record any of the materials used in the project were furnished from outside South Carolina. Based on the foregoing, we find the record does not contain sufficient evidence that the transaction at issue involved interstate commerce to subject the contract to the FAA.

## II.     Choice of law provision

Roper also argues the circuit court erred in finding the contract's choice of law provision is unenforceable.[3] We disagree.

Page 1 of the contract includes the following statement: "**THIS AGREEMENT IS GOVERNED BY THE STATE OF GEORGIA**." In addition, this choice of law provision is repeated on the last page of the contract above the signature lines under the heading "**GOVERNING LAW**."

"Choice of law clauses are generally honored in South Carolina." *Team IA, Inc. v. Lucas*, 395 S.C. 237, 248, 717 S.E.2d 103, 108 (Ct. App. 2011). However, a choice of law clause in a contract will not be enforced if application of foreign law results in a violation of South Carolina public policy. *Simpson*, 373 S.C. at 33, 644 S.E.2d at 673.

The circuit court determined the contract's choice of law provision was one-sided, oppressive, and adhesive. Generally, an adhesion contract is a standard form contract offered on a take-it or leave-it basis with terms that are not negotiable. *Lackey v. Green Tree Fin. Corp.*, 330 S.C. 388, 394, 498 S.E.2d 898, 901 (Ct. App. 1998). Under state law, an adhesion contract is not per se unconscionable. *Id.* at 395, 498 S.E.2d at 901.

---

[3] We note that to the extent Roper argues the circuit court erred in denying its motion to transfer venue to Georgia, an order denying a motion to change venue is not immediately appealable. *See Burkey v. Noce*, 398 S.C. 35, 37, 726 S.E.2d 229, 230 (Ct. App. 2012).

"In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *Simpson*, 373 S.C. at 24-25, 644 S.E.2d at 668. Thus, unconscionability is "due to *both* an absence of meaningful choice and oppressive, one-sided terms." *Id.* at 25, 644 S.E.2d at 669 (emphasis added). Pursuant to section 36-2-302(1) of the South Carolina Code (2003),

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

We agree with the circuit court's finding that the contract, including its choice of law provision, is adhesive and unconscionable. The contract was presented to Affordable after it had completed the first phase of the project. Affordable lacked a meaningful opportunity to bargain for the contract's terms because it risked not getting paid if it did not agree to the terms of the contract as drafted by Roper. In addition, we find the contract's provision that Affordable's failure to sign the contract within fifteen days would constitute acceptance in full is oppressive and one-sided. Accordingly, we hold the circuit court did not err in finding the choice of law provision was unconscionable, and therefore, unenforceable.

Because Georgia law does not apply to the contract at issue, we must next examine the contract under South Carolina law. *See Zabinski*, 346 S.C. at 591, 553 S.E.2d at 115 (holding transactions must involve interstate commerce for the FAA to apply). Pursuant to the SCUAA, "[n]otice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration." S.C. Code Ann. § 15-48-10(a) (2005). We find the arbitration provision does not meet the notice requirements of the SCUAA. The arbitration provision is located on page 13 of the contract. It is neither underlined nor written in capital letters. Accordingly, the arbitration provision does not meet the SCUAA's notice requirements and the contract is not subject to arbitration.

**CONCLUSION**

The circuit court's denial of Roper's motion to dismiss, transfer venue, and compel arbitration is

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**