# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Tammy C. Richardson, Respondent,

v.

Halcyon Real Estate Services, LLP and McCabe, Trotter
& Beverly, P.C., Defendants,

of which McCabe, Trotter & Beverly, P.C. is the
Appellant.

Appellate Case No. 2019-000671

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

Opinion No. 5981
Heard June 8, 2022 – Filed April 19, 2023

**DISMISSED**

M. Dawes Cooke, Jr., John William Fletcher, and Justin
Paul Novak, all of Barnwell Whaley Patterson & Helms,
LLC, of Charleston; Robert P. Wood, of Rogers
Townsend LLC, of Columbia; and Joshua Robert Hinson,
of Wolfe, Campbell, Gunst & Hinson, PLLC, of
Charlotte, North Carolina, all for Appellant.

Mary Leigh Arnold, of Mary Leigh Arnold, PA, of
Mount Pleasant; and Justin S. Kahn, of Kahn Law Firm,
LLP, of Charleston, both for Respondent.

**VINSON, J.:** McCabe, Trotter & Beverly, P.C. (MTB) appeals the circuit court's order (the Sanctions Order) imposing sanctions on MTB for deposition misconduct. MTB argues (1) the Sanctions Order is immediately appealable and (2) the circuit court erred by imposing sanctions when MTB's counsel did not violate Rule 30(j)(8), SCRCP,[1] and had legitimate reasons for ending one of the depositions. MTB requests this court reverse the Sanctions Order and order Tammy C. Richardson to return the money MTB paid as a sanction. We dismiss MTB's appeal because the Sanctions Order is not immediately appealable.

## FACTS AND PROCEDURAL HISTORY

This case arises out of a foreclosure action brought by Southern Magnolia Homeowners' Association (Southern Magnolia) against Richardson for unpaid homeowners' association (HOA) dues. Richardson filed a third-party complaint against MTB—the firm Southern Magnolia retained to pursue collection of Richardson's unpaid HOA dues—and Halcyon Real Estate Services, LLC (Halcyon)—Southern Magnolia's property management company. The circuit court severed Richardson's third-party action from the pending foreclosure action. This appeal concerns Richardson's action against MTB.

During discovery, Richardson deposed an MTB employee and a former MTB employee (collectively, Deponents). Following the depositions, Richardson filed a motion for sanctions against MTB pursuant to Rule 37, SCRCP, for improper deposition conduct. Relying primarily on *In re Anonymous Member of the South Carolina Bar*, 346 S.C. 177, 552 S.E.2d 10 (2001), Richardson alleged MTB's counsel discussed previously produced documents presented during depositions with Deponents in violation of Rule 30(j)(8) and engaged in witness coaching. Richardson further alleged MTB's counsel improperly instructed one of Deponents

---

[1] Rule 30(j)(8) provides, "Deposing counsel shall provide to opposing counsel a copy of all documents shown to the witness during the deposition, either before the deposition begins or contemporaneously with the showing of each document to the witness. If the documents are provided (or otherwise identified) at least two business days before the deposition, then the witness and the witness' counsel do not have the right to discuss the documents privately before the witness answers questions about them. If the documents have not been so provided or identified, then counsel and the witness may have a reasonable amount of time to privately discuss the documents before the witness answers questions concerning the document."

to leave her deposition early. Following a hearing, the circuit court granted Richardson's motion for sanctions.

The circuit court ordered the parties to reconvene Deponents' depositions and that Deponents answer questions concerning the matters they discussed off the record with MTB's counsel and Stephanie Trotter, an MTB attorney, in the prior depositions. The court prohibited MTB's counsel from instructing Deponents not to respond to questions regarding these off-the-record conferences and ordered that MTB's counsel cease and desist from the prohibited behavior discussed in the order. In addition, the court ordered that Trotter be deposed and instructed her to answer questions about the off-the-record conferences. Finally, the circuit court ordered MTB to pay for the costs of Deponents' reconvened depositions and of Trotter's deposition and for the attorney's fees and costs associated with Deponents' prior depositions. MTB filed a motion for reconsideration, which the circuit court denied. This appeal followed.

**STANDARD OF REVIEW**

"In a case raising a novel question of law, the appellate court is free to decide the question with no particular deference to the lower court." *Hagood v. Sommerville*, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005).

**LAW AND ANALYSIS**

MTB argues the monetary sanctions imposed under the Sanctions Order are immediately appealable. We disagree.

The determination of whether an award of attorney's fees and costs as a discovery sanction under Rule 37(b)(2), SCRCP, is immediately appealable is a matter of first impression in South Carolina.

Rule 30(j)(9), SCRCP, provides any violation of Rule 30(j), SCRCP, for deposition misconduct may subject the violator to sanctions under Rule 37, SCRCP.

> In South Carolina, our judges have broad discretion in addressing misbehavior during depositions. *See* Rule 37, SCRCP. In addition to their traditional contempt powers, judges may issue orders as a sanction for improper deposition conduct: (1) specifying that designated facts be taken as established for purposes of

the action; (2) precluding the introduction of certain evidence at trial; (3) striking out pleadings or parts thereof; (4) staying further proceedings pending the compliance with an order that has not been followed; (5) dismissing the action in full or in part; (6) entering default judgment on some or all the claims; or (7) an award of reasonable expenses, including attorney fees. *Id.* Among the costs a judge may deem appropriate could be those incurred for future judicial monitoring of depositions or payment for the retaking of depositions.

*In re Anonymous*, 346 S.C. at 194, 552 S.E.2d at 18; *see* Rule 37(b)(2), SCRCP.[2]

"The determination of whether a party may immediately appeal an order issued before or during trial is governed primarily by [section 14-3-330 of the South Carolina Code (2017)]." *Ex parte Cap. U-Drive-It, Inc.*, 369 S.C. 1, 6, 630 S.E.2d 464, 467 (2006). Section 14-3-330 provides that only final judgments and certain interlocutory orders are immediately appealable. "If there is some further act which must be done by the court prior to a determination of the rights of the parties, then the order is interlocutory." *Mid-State Distribs, Inc. v. Century Imps., Inc.*, 310 S.C. 330, 335, 426 S.E.2d 777, 780 (1993). "An interlocutory order is not immediately appealable unless it involves the merits of the case or affects a substantial right." *Burkey v. Noce*, 398 S.C. 35, 37, 726 S.E.2d 229, 230 (Ct. App. 2012). "An order which does not finally end a case or prevent a final judgment from which a party may seek appellate review usually is considered an interlocutory order from which no immediate appeal is allowed." *Hagood*, 362 S.C. at 195, 607 S.E.2d at 709.

As established by existing South Carolina case law, the portion of the Sanctions Order directing the parties to reconvene depositions is interlocutory and not immediately appealable under section 14-3-330. *See Ex parte Whetstone*, 289 S.C. 580, 580, 347 S.E.2d 881, 881 (1986) ("An order directing a party to participate in discovery is interlocutory and not directly appealable under [section 14-3-330]."); *see also Davis v. Parkview Apartments*, 409 S.C. 266, 280, 762 S.E.2d 535, 543 (2014) ("[T]o challenge the specific rulings of . . . discovery orders, the normal course is to refuse to comply, suffer contempt, and appeal from the contempt finding.").

---

[2] "Rule 37[, SCRCP, uses] the language of the Federal Rule with minor changes." Rule 37, SCRCP, note. The differences are not relevant to this issue.

Similarly, we find the award of attorney's fees and costs under Rule 37(b)(2) is interlocutory and not immediately appealable.[3]  Although the circuit court set the amount of the monetary sanctions, the Sanctions Order did not constitute a final judgment.  *Cf. Kriti Ripley, LLC v. Emerald Invs., LLC*, 404 S.C. 367, 379, 746 S.E.2d 26, 32 (2013) ("A final judgment is an order that 'dispose[s] of the cause, . . . reserving no further questions or directions for future determination.  It must finally dispose of the whole subject-matter or be a termination of the particular proceedings or action, leaving nothing to be done but to enforce by execution what has been determined.'" (alterations in original) (quoting *Good v. Hartford Accident & Indem. Co.*, 201 S.C. 32, 41-42, 21 S.E.2d 209, 212 (1942))).  For an interlocutory order to be immediately appealable, it must "involve[] the merits of the case or affect[] a substantial right."  *Burkey*, 398 S.C. at 37, 726 S.E.2d at 230.  We conclude the award of attorney's fees and costs as a Rule 37(b)(2) discovery sanction neither involves the merits of the case nor affects a substantial right and is therefore not immediately appealable.  *Cf. Watson v. Underwood*, 407 S.C. 443, 458, 756 S.E.2d 155, 163 (Ct. App. 2014) ("An order 'involves the merits,' as that term is used in [s]ection 14-3-330(1)[,] and is immediately appealable when it finally determines some substantial matter forming the whole or part of some cause of action or defense." (alterations in original) (quoting *Ex. Parte Capital U-Drive-It, Inc.*, 369 S.C. at 7, 630 S.E.2d at 467-68)); *Hagood*, 362 S.C. at 195, 607 S.E.2d at 709 (holding an "order affects a substantial right and is immediately appealable when it '(a) in effect determines the action and

---

[3] While no cases in South Carolina's jurisprudence address the specific issue of the appealability of monetary sanctions under Rule 37(b), federal courts have determined that orders imposing attorney's fees and costs on a party under Rule 37(b) of the Federal Rules of Civil Procedure are interlocutory and not immediately appealable.  *See, e.g.*, *David v. Hooker, Ltd.*, 560 F.2d 412, 416 n.6 (9th Cir. 1977) ("Normally, the imposition of the [Federal Rules of Civil Procedure] Rule 37(b)(2) sanction of attorney's fees and expenses upon a non-complying party is considered to be interlocutory."); *E. Maico Distribs., Inc. v. Maico-Fahrzeugfabrik, G.m.b.H.*, 658 F.2d 944, 947 (3d Cir. 1981) ("[S]anctions for violation of discovery orders are usually considered interlocutory and not immediately appealable."); *see also* 15B Charles Alan Wright et al., *Federal Practice and Procedure* § 3914.23 (2d ed. 1992) ("Sanctions imposed for violation of discovery orders might seem plausible candidates for appeal on the theory that the sanction is severable from the continuing proceedings.  The opportunities for appeal, however, have generally been limited to sanctions that conclude the proceeding or that involve nonparties.").

prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action'" (quoting § 14-3-330(2))). Based on the foregoing, we find the award of attorney's fees and costs under Rule 37(b)(2) is interlocutory and not immediately appealable.

Moreover, as our supreme court stated in *In re Anonymous*, "Actions taken in a deposition designed to prevent justice, delay the process, or drive up costs are improper and warrant sanctions." 346 S.C. at 194, 552 S.E.2d at 18. Allowing a party to immediately appeal an interlocutory order imposing sanctions under Rule 37(b) for deposition misconduct would further delay the process and drive up costs.

We further find MTB's argument that the Sanctions Order is immediately appealable because the circuit court's prohibition on conduct in violation of Rule 30(j)(8) was in the nature of an injunction is without merit. *Cf. Richland County v. Kaiser*, 351 S.C. 89, 94, 567 S.E.2d 260, 262 (Ct. App. 2002) ("An injunction is an equitable remedy that may be used to require a party to perform an action."). The circuit court found MTB's counsel's deposition conduct violated the discovery rules. If MTB's counsel engaged in the same conduct in Deponents' reconvened depositions, it is logical to conclude the circuit court would have imposed additional discovery sanctions on MTB.

Accordingly, we hold the Sanctions Order is not immediately appealable.[4]

**CONCLUSION**

For the foregoing reasons, the appeal is

**DISMISSED.**

**WILLIAMS, C.J., and KONDUROS, J., concur.**

---

[4] In light of our disposition of the appeal, we decline to address MTB's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when resolution of a prior issue is dispositive).